GLADYS CLARK MERTZ and Others, Respondents, *v.* GUARANTY TRUST COMPANY OF NEW YORK and Another, Appellants.

*Trusts — duties of trustee — trustee not required to sell stock in 1925 — duty of trustee was to keep and administer stock according to terms of deed of trust.*

Appeal from a judgment of the Supreme Court in favor of the plaintiffs, entered in the Westchester county clerk's office on November 8, 1926, upon the decision of the court rendered after a trial at the Westchester Special Term, directing the defendants to restore to the Guaranty Trust Company, as trustee, 800 shares of stock.

Judgment affirmed, with costs, upon the opinion of Mr. Justice Tompkins at Special Term. Kelly, P. J., Manning and Kapper, JJ., concur; Lazansky and Hagarty, JJ., dissent upon the ground that the only question raised was as to the authority of the trustee to dispose of the stock of the Mohawk Carpet Mills, Inc., and, as to that, they are of opinion that the trustee not only had authority to dispose thereof, but it was their duty to do so. Settle order on notice.

The following is the opinion of the court below:

TOMPKINS, J. The trustee held the Mohawk Company stock for five years with the knowledge and approval of the settlor of the trust and with the intent and understanding on his part that it was being held and should be held under the terms of the deed of trust. In February, 1921, the year after the stock was received by the trustee, the settlor wrote to the trustee, " I know all about these securities and do not want them disturbed; " and it is my opinion that after his death the trustee had no right to sell the stock without the advice and consent of Sloane and McNeir, both of whom refused to give any advice on the subject when asked by the trustee for their consent. Subsequently, the stock was sold to McNeir after considerable importuning on the part of the trustee and after it had failed to dispose of the stock at public auction. In view of all the circumstances, I think the trustee was not required to sell the stock in 1925 and that its duty was to keep and administer it according to the terms of the deed of trust. Judgment for the plaintiffs, with costs. Requests to find may be submitted by September 10, 1926.

---

LILLIAN CAPIE, Respondent, v. JAMES G. CAPIE, Appellant. MABEL I. KOHL and JENNIE LINDNER, Defendants.— Motion to dismiss appeal denied, without prejudice to renewal of same on Friday, June 17, 1927. Present — Kelly, P. J., Manning, Kapper, Lazansky and Hagarty, JJ.